UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DONALD MAURICE KING,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

CASE NO. 6:05-cv-1294-Orl-19JGG
(6:04-cr-046-Orl-19JGG)

## **ORDER**

This case involves a motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 filed by Donald Maurice King (Doc. No. 2). The Government filed a timely response (Doc. No. 11) to the section 2255 motion in compliance with this Court's instructions and with *The Rules Governing Section 2255 Cases in the United States District Courts*. Petitioner filed a reply (Doc. No. 14) to the Government's response.

Petitioner alleges four claims for relief in his motion: first, that he was denied due process; second, that he was denied effective assistance of trial counsel; third, that his conviction was obtained in violation of the United States Constitution; and, fourth, that he was denied effective assistance of counsel on appeal.

*Procedural History*

Petitioner was charged by indictment with one count of possession with intent to distribute and distribution of five grams or more of cocaine base (Criminal Case No. 6:04-cr-046-Orl-19JGG,

Doc. No. 1, filed March 17, 2004).[1] On May 25, 2004, pursuant to a written plea agreement (Criminal Case Doc. No. 23), Petitioner entered a plea of guilty before United States Magistrate Judge James G. Glazebrook. *See* Criminal Case Doc. No. 24. Magistrate Judge Glazebrook entered a Report and Recommendation that the guilty plea be accepted and that Petitioner be adjudged guilty and have sentence imposed accordingly (Criminal Case Doc. No. 27). The district court accepted the plea and adjudicated Petitioner guilty of the one count set forth in the indictment (Criminal Case Doc. No. 29). A sentencing hearing was conducted, and, on August 17, 2004, the district court entered a Judgment in a Criminal Case, sentencing Petitioner to a 188-month term of imprisonment (Criminal Case Doc. No. 32). Petitioner did not file a direct appeal.

***Claims One and Three***

"[A] defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding. This rule generally applies to all claims, including constitutional claims." *Lynn v. United States*, 365 F.3d 1225, 1234 (11th Cir.) (citations omitted), *cert. denied*, 543 U.S. 891 (2004); *Mills v. United States*, 36 F.3d 1052, 1055 (11th Cir. 1994), *cert. denied*, 514 U.S. 1112 (1995). However, a defendant can avoid the procedural bar by demonstrating the applicability of one of the two exceptions: (a) cause and prejudice for the failure to raise the claim on direct or (b) "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Mills*, 36 F.3d at 1055.

---

[1] Hereinafter Criminal Case No. 6:04-cr-046-Orl-19JGG will be referred to as "Criminal Case."

In the present case, Petitioner did not raise claims one and three on direct appeal. Furthermore, he has not demonstrated cause or prejudice with regard to his failure to raise these claims on direct appeal. Likewise, Petitioner has neither alleged nor shown the applicability of the fundamental miscarriage of justice exception. A review of the record reveals that Petitioner is unable to satisfy either of the exceptions to the procedural default bar; therefore, his failure to raise these two claims on direct appeal constitutes a waiver and bars him from raising claims one and three now.[2]

*Claim Two*

Petitioner contends that he received ineffective assistance of counsel because:

...counsel knew after a thorough review of Petitioner's case that Petitioner's criminal conduct did not occur within the jurisdiction nor territorial boundaries or against the laws or Constitution of the United States, but advised Petitioner to admit guilt to charges found within the indictment by pleading guilty to the Government's plea agreement, and after following counsel's advice Petitioner waived his right to jury trial, [was] deprived of his liberty, access to the courts, [and] effective assistance of counsel.

(Doc. No. 2 at 6.)

In *Hill v. Lockhart*, 474 U.S. 52 (1985), the United States Supreme Court held that "the two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel." *Id*. at 58. The United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance. The first prong of the *Strickland* test requires that the defendant demonstrate that counsel's performance was deficient and "fell below an objective standard of reasonableness." *Id*. at 688. The second prong of the

---

[2]In addition pursuant to the plea agreement, Petitioner waived his right to pursue these claims either directly or collaterally. *See* Criminal Case Doc. No. 23 at 10-11 and Doc. No. 34 at 14-15.

*Strickland* test requires the defendant to show that the deficient performance prejudiced the defense.[3] *Id*. at 687. A court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonably professional assistance. *Id*. at 689-90.

The indictment charged Petitioner with possession with intent to distribute and distribution of five grams or more of cocaine base on November 21, 2003, in Orange County, Florida, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii). This allegation was sufficient to confer jurisdiction on this Court. *See United States v. Jackson*, 111 F.3d 101, 102 (11th Cir.) ("The illegal possession and sale of drugs affects interstate commerce, and Congress accordingly has authority under the Commerce Clause to criminalize and punish drug-related activity."), *cert. denied*, 522 U.S. 878 (1997). Furthermore, the fact that the State of Florida also could have charged Petitioner with an offense as a result of the same transaction does not in any manner erode this Court's jurisdiction or undermine Petitioner's instant conviction. *See Heath v. Alabama*, 474 U.S. 82, 88 (1985) ("When a defendant in a single act violates the 'peace and dignity' of two sovereigns by breaking the laws of each, he has committed two distinct 'offences.'") (citing *United States v. Lanza*, 260 U.S. 377, 382 (1922)).

Since it is clear that this Court had jurisdiction to adjudge Petitioner guilty of the charged offense, this Court cannot conclude that counsel's failure to challenge the Court's jurisdiction was in any manner deficient. Similarly, Petitioner has not demonstrated that such an omission caused him any prejudice. This claim must be denied.

---

[3] In order to satisfy the prejudice requirement of the two-prong test set forth in *Strickland*, Petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59 (footnote omitted).

*Claim Four*

>Petitioner argues that he received ineffective assistance of counsel on direct appeal because:
>
>...[c]ounsel failed to appeal the district court's judgement (sic) where it used federal rules and procedures to effectuate federal charges which led to an arrest without a factual showing of probable cause and a federal conviction. Moreover, counsel also failed to address the district court's lack of jurisdiction to adjudicate Petitioner's state criminal conduct thereby depriving Petitioner of due process [and] effective assistance of counsel [as] guaranteed by the Constitution of the United States.

(Doc. No. 2 at 9.) As set forth above, Petitioner did not file a direct appeal of his conviction and sentence. Therefore, this Court assumes that this claim is directed towards counsel's failure to file a notice of appeal.

In *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000), the United States Supreme Court determined that the ineffective assistance of counsel test in *Strickland* applies to claims that counsel was constitutionally ineffective for failing to file a notice of appeal. As to the reasonableness of counsel's representation, the United States Supreme Court held as follows:

>[C]ounsel has a constitutionally-imposed *duty to consult* with the defendant about an appeal when there is reason to think either (1) that a *rational defendant would want to appeal* (for example, because there are nonfrivolous grounds for appeal), or (2) that *this particular defendant reasonably demonstrated to counsel that he was interested in appealing*.

*Id*. at 480 (emphasis added). "In making this determination, courts must take into account all the information counsel knew or should have known." *Id*. (citation omitted). A highly relevant factor will be whether the conviction was the result of a guilty plea because a guilty plea reduces the scope of appealable issues and may indicate that the defendant seeks an end to judicial proceedings. *Id*. at 480. Even in cases in which the defendant pleads guilty, the Court must consider whether the defendant received the sentence bargained for as part of the plea, and whether the plea expressly reserved or waived some or all appeal rights. *Id*. at 480.

5

As to prejudice, the United States Supreme Court has held that "to show prejudice, a defendant must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, *he would have timely appealed*." *Id*. at 484 (emphasis added). The "would have appealed" standard considers all of the circumstances, including whether there were nonfrivolous grounds for appeal and whether the defendant in question promptly expressed a desire to appeal. *Id*. at 485.

In the present case, the Court first will determine if counsel's conduct was reasonable. As noted above, a highly relevant factor is that Petitioner's conviction was the result of a guilty plea. In the instant case, Petitioner entered into a guilty plea pursuant to a written plea agreement that expressly waived his right to appeal his sentence either directly or collaterally (Criminal Case Doc. No. 23 at 10). As the United States Supreme Court noted, this type of disposition reduces the potential for appealable issues and suggests that Petitioner wished to terminate the judicial proceedings without pursuing further litigation.

Second, Petitioner received the sentence bargained for in the plea colloquy. Specifically, at the plea hearing the trial judge informed Petitioner regarding the maximum and minimum sentence as to the charged offense, and Petitioner stated that he understood (Criminal Case Doc. No. 34 at 15-16). The Court ultimately sentenced Petitioner to the lowest end of the applicable Guideline range. *See* Criminal Case Doc. No. 33 at 17. The fact that Petitioner pled guilty and thereafter received the relatively lenient sentence because of his plea weighs strongly against a finding that Petitioner wished to pursue an appeal. *Ryan v. United States*, 97 F. Supp. 2d 190, 195 (D. Mass. 2000).

It should also be noted that at sentencing the judge clearly and fully advised Petitioner of his appellate rights, including advising him that the notice of appeal had to be timely filed and that

either he or his attorney could cause this to happen. *See* Criminal Case Doc. No. 33 at 15-17. Further, Petitioner signed an Acknowledgment of Right to Appeal in which he indicated that he understood that he would waive his right to appeal in this case unless he timely filed a notice of appeal (Criminal Case Doc. No. 31).

Finally, Petitioner has not identified any viable issues for direct appeal, and there does not appear to be a nonfrivolous issue for appeal. The lack of a nonfrivolous ground for appeal shows that a reasonable person would not have appealed. *Sarroca v. United States*, 250 F. 3d 785, 788 (2nd Cir. 2001). Consequently, under the circumstances of this case, the Court determines that the actions of Petitioner's counsel were reasonable in this case.

In addition, even if Petitioner was able to demonstrate ineffectiveness, he cannot satisfy the prejudice prong of *Strickland* because he has not shown that he otherwise would have appealed. Petitioner has not shown actual prejudice because he has not demonstrated a reasonable probability that he would have pursued an appeal in the absence of counsel's alleged error.

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.[4]

---

[4] In his reply (Doc. No. 14) to the Government's response to his § 2255 motion, Petitioner raises a number of arguments for the first time. Specifically, Petitioner asserts (a) that his right to appeal was denied because his counsel ignored Petitioner's specific request to file a notice of appeal; (b) that the waiver of appellate and collateral relief set forth in the plea agreement was neither knowingly nor intelligently made; (c) that he was sentenced under unconstitutional Guideline restrictions; (d) that he received ineffective assistance of counsel at sentencing; and (e) that he was improperly sentenced as a career offender. Because these arguments have been raised for the first time in Petitioner's reply, they are waived and will not be considered by this Court. *See United States v. Barrett*, 178 F.3d 34, 57 (1st Cir. 1999) ("A first petition for post-conviction relief under § 2255 should raise all available claims. Informal reference to a new claim in a reply brief will not suffice to raise a claim if the district court does not address that claim in its order. "); *Alex v. United States*, 966 F. Supp. 722, 724 n.2 (N.D. Ill. 1997) (holding that in the § 2255 context arguments raised for the first time in a reply brief are waived); *United States v. Otalvora*, 93 CR 096, 95 C

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. The motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 filed by Donald Maurice King (Doc. No. 2) is **DENIED**.

2. This case is **DISMISSED** with prejudice.

3. The Clerk of the Court shall enter judgment accordingly and is directed to close this case. A certified copy of this Order and the judgment shall also be filed in criminal case number 6:04-cr-046-Orl-19JGG.

4. The Clerk of the Court is directed to terminate the § 2255 motion (Criminal Case Doc. No. 37) filed in criminal case number 6:04-cr-046-Orl-19JGG.

5. Petitioner's Motion for Reconsideration (Doc. No. 16) is **DENIED**.

**DONE AND ORDERED** at Orlando, Florida, this __1st___ day of October, 2006.

PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies to:
sa 10/1
Donald Maurice King
Counsel of Record

---

0157, 1995 WL 151768, at *1 (N.D. Ill. April 4, 1995) (noting that arguments presented in a reply brief, but not in the initial § 2255 motion, are waived).